**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7024**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANNON DERRELL WILLIAMS, a/k/a Doe,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Senior District Judge. (3:02-cr-00085-JRS-1; 3:05-cv-00100-JRS)

Submitted: October 20, 2015          Decided: October 23, 2015

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Shannon Derrell Williams, Appellant Pro Se. David Thomas Maguire, Assistant United States Attorney, Richmond, Virginia, George Alfred Townsend, GEORGE A. TOWNSEND, IV, PLLC, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Derrell Williams appeals the district court's order construing his self-styled "motion for declaratory judgment pursuant to 28 U.S.C. § 2201" and his Fed. R. Civ. P. 60(b) motion as successive 28 U.S.C. § 2255 (2012) motions and dismissing them as unauthorized. We have reviewed the record and conclude that Williams' motions were, in substance, successive § 2255 motions. See United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas corpus motion). We thus conclude that Williams is not required to obtain a certificate of appealability to appeal the district court's order. See McRae, 793 F.3d at 400. However, in the absence of prefiling authorization, the district court lacked jurisdiction to consider Williams' successive motions. See 28 U.S.C. § 2244(b)(3)(A) (2012). Accordingly, we affirm the district court's order.

Additionally, we construe Williams' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Williams' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED